EL PUEBLO DE PUERTO RICO, recurrido, *v.* EDDIE PÉREZ SUÁREZ, peticionario.

*Número:* CC-98-13          *Resuelto:* 16 de septiembre de 1998

*Margarita Carrillo Iturrino*, abogada del peticionario; *Edda Serrano Blasini, Subprocuradora General,* y *Eunice Amaro Garay, Procuradora General Auxiliar*, abogadas de El Pueblo, recurrido.

PER CURIAM: Debemos resolver si el Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito) podía, en el ejercicio de su discreción, atender un recurso de *certiorari* presentado ante dicho foro cuando la parte allí peticionaria no notificó del recurso al abogado de la parte contraria ni al Tribunal de Primera Instancia dentro del término de cumplimiento estricto dispuesto para ello. A

continuación reseñaremos los hechos que dieron lugar a la controversia.

I

El 3 de noviembre de 1994 se presentaron varias denuncias contra Eddie Pérez Suárez (el peticionario), por hechos ocurridos entre el 28 de octubre y el 30 de noviembre de 1993. Específicamente, se le denunció por violaciones a los Arts. 401, 406 y 408 de la Ley de Sustancias Controladas de Puerto Rico, Ley Núm. 4 de 23 de junio de 1971 (24 L.P.R.A. secs. 2401, 2406 y 2408), según enmendadas. Ese mismo día se emitió la orden de arresto, la cual fue diligenciada al día siguiente.

Antes de la celebración de la vista preliminar, el peticionario presentó una moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Adujo que el Ministerio Público había incurrido en una demora excesiva, al someter los cargos en su contra siete (7) meses después de la supuesta última transacción de sustancias controladas hecha por él. Alegó que esto le había causado un grave perjuicio y lo había colocado en un estado de indefensión, ya que no podía presentar prueba a su favor y desarrollar una defensa adecuada, en violación al debido proceso de ley que lo cobijaba.

En la vista preliminar, el tribunal determinó que existía causa probable para acusar por dos (2) infracciones al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, *supra*, y dos (2) al Art. 406, *supra*. Asimismo, denegó la moción de desestimación presentada y señaló el juicio para el 15 de agosto de 1996.

El 7 de agosto siguiente, el peticionario presentó una segunda moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*. En ésta, reprodujo los mismos planteamientos que en la moción original.[1]

---

[1] Además, había presentado una moción de descubrimiento de prueba.

Luego de varios reseñalamientos de la vista en su fondo, el 23 de octubre de 1996 el foro de instancia le concedió diez (10) días al Ministerio Público para que se expresara en torno a las mociones presentadas por el peticionario. El Ministerio Público no compareció.

El 14 de noviembre de 1996 el tribunal de instancia dictó una resolución, en la que desestimó las acusaciones contra el peticionario debido a la incuria incurrida por el Ministerio Público, por este último no haber comparecido a contestar las diferentes mociones presentadas, según lo ordenado. Se notificó a las partes y se archivó en los autos una copia de la notificación de esta resolución el 21 de noviembre de 1996.(²)

El 23 de diciembre de 1996 el Estado Libre Asociado de Puerto Rico (en adelante el E.L.A.) presentó ante el Tribunal de Circuito un recurso de *certiorari* para cuestionar esta determinación.(³) Varios días después presentó ante dicho foro una moción en la cual señalaba que por error la petición de *certiorari* no había sido notificada al abogado del peticionario.(⁴) Además, consignó que en esa misma fecha estaba notificando a dicho abogado del recurso presentado. Finalmente, solicitó que el Tribunal de Circuito continuara con los procedimientos apelativos.

Una vez notificado del recurso y enterado del problema con las notificaciones, el licenciado Cruz Ellis, abogado del peticionario, presentó una moción en oposición a que se expidiera el *certiorari* solicitado. Alegó que como el término para presentar el recurso es de cumplimiento estricto, sólo

---

(²) En un escrito de 22 de noviembre de 1996, el Ministerio Público presentó una moción en oposición a que se desestimaran los cargos. Además, en un escrito de 27 de noviembre, el Ministerio Público solicitó la reconsideración de la resolución emitida. El foro de instancia nunca se expresó sobre estas mociones.

(³) Planteó la comisión de un solo error, a saber:

"Erró el Tribunal de Instancia al desestimar las acusaciones presentadas contra el [peticionario] en virtud de la Regla 64(p) de Procedimiento Criminal, por incuria sin celebrarse una vista evidenciaria."

(⁴) Se había notificado al Lcdo. Harry Padilla Martínez, con oficinas en Mayagüez, cuando el abogado del peticionario lo es el Lcdo. José M. Cruz Ellis, con oficinas en Aguadilla. Este escrito está fechado el 30 de diciembre de 1996.

se puede notificar tardíamente a las partes si se justifica la demora detalladamente y a cabalidad. Además, señaló que tampoco se había hecho la notificación correspondiente al tribunal recurrido, en este caso el Tribunal de Primera Instancia, Sala Superior de Aguadilla.[5]

El Tribunal de Circuito emitió una resolución el 21 de enero de 1997, en la que le ordenó al E.L.A. que mostrara causa por la cual no se debía desestimar el recurso por las faltas en la notificación. El E.L.A. compareció, expresando, a su entender, las razones que constituían causa justificada para su incumplimiento con los términos en las respectivas notificaciones.

El 28 de octubre de 1997 el Tribunal de Circuito dictó una sentencia, en la que expidió el auto de *certiorari* solicitado y revocó la resolución del tribunal de instancia. En cuanto a las faltas en las notificaciones, determinó que ellas eran de naturaleza excusable.

Inconforme con este dictamen, Pérez Suárez acudió ante nos mediante un recurso de *certiorari*.[6] Visto éste, le concedimos al E.L.A. un término de veinte (20) días para que mostrara causa por la cual no debíamos expedir el auto solicitado y revocar la sentencia del Tribunal de Circuito por haber éste actuado sin jurisdicción sobre el caso. El E.L.A. ha comparecido a través del Procurador General,

---

[5] En su lugar, el Estado Libre Asociado (en adelante el E.L.A.) había notificado al Tribunal de Primera Instancia, Sala Superior de Mayagüez.

[6] Planteó la comisión de dos (2) errores, a saber:

"PRIMER ERROR

"Incidió el Tribunal de Circuito de Apelaciones al resolver que fue contraria a derecho la desestimación de los cargos bajo las disposiciones de la Regla 64(p) de Procedimiento Criminal, por la violación del debido proceso de ley ante la demora injustificada del Estado en someter los cargos y por la incuria en que éste incurrió en la tramitación del caso, por haberse prescindido de la celebración de una vista evidenciaria.

"SEGUNDO ERROR

"Erró el Tribunal de Circuito de Apelaciones al denegar la solicitud de desestimación del recurso de *certiorari* instado por el Procurador General a pesar de que no acreditó la existencia de justa causa para el incumplimiento con las disposiciones de las Reglas 53.1(e)(4) de las de Procedimiento Civil y la 33(A) del Reglamento del Tribunal de Circuito de Apelaciones (que requieren la notificación del recurso al abogado de la parte recurrida dentro del término para la presentación del recurso)."

por lo que estamos en posición de resolver sin ulteriores procedimientos.

## II

■ La Regla 33 del Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXII-A, en lo aquí pertinente, dispone:

Cuando la solicitud de *certiorari* sea presentada en la Secretaría del Tribunal de Circuito de Apelaciones, la parte peticionaria deberá notificar a la Secretaría del tribunal recurrido, *dentro de las cuarenta y ocho (48) horas siguientes a la presentación de la solicitud,* copia de la misma debidamente sellada con la fecha y la hora de la presentación. *El término aquí dispuesto será de cumplimiento estricto.* ...

... La parte peticionaria notificará la solicitud de *certiorari,* debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al (a la) Procurador (a) General y al (a la) Fiscal de Distrito en los casos criminales, *dentro del término jurisdiccional o de cumplimiento estricto establecido por ley, según fuere el caso,* para presentar el recurso.[7]

■ Hemos resuelto controversias a la luz de esta disposición. Así, en *Arriaga v. F.S.E.,* 145 D.P.R. 122 (1998), indicamos que existe una diferencia entre un término de cumplimiento estricto y un término jurisdiccional. En cuanto al término de cumplimiento estricto señalamos que el foro judicial no está sujeto al automatismo que conlleva el término jurisdiccional, sino que puede proveer justicia según lo ameriten las circunstancias. Añadimos que

---

[7] Dispone el Plan de Reorganización Núm. 1 de la Rama Judicial, aprobado el 28 de julio de 1994, según enmendado, conocido como la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22 *et seq.*), en su Art. 4.002(f), que el Tribunal de Circuito, en lo pertinente, atenderá

"[m]ediante auto de *certiorari* expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia ... En estos casos, el recurso de *certiorari* se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u orden. *El término aquí dispuesto es de cumplimiento estricto,* excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de *certiorari*." (Énfasis suplido.) 4 L.P.R.A. sec. 22k(f).

los requisitos de cumplimiento estricto se pueden observar tardíamente si existe y se demuestra detallada y cabalmente una justa causa para no cumplir rigurosamente con ellos. Íd., pág. 131.(⁸) Esto último se exige para que el tribunal pueda estar en posición de resolver y ejercer su discreción de una manera prudente.

■ Asimismo, señalamos que

... los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, si están presentes dos condiciones: (1) que en efecto exista *justa causa para la dilación*[, y] (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que *la parte interesada acredite de manera adecuada la justa causa aludida.* (Énfasis suplido.) *Arriaga v. F.S.E.*, supra, págs. 131–132.(⁹)

Apliquemos el derecho expuesto a los hechos del presente caso.

### III

El Tribunal de Primera Instancia dictó la resolución recurrida el 14 de noviembre de 1996, y ésta fue notificada a las partes el *21 de noviembre*. Desde esta fecha, el E.L.A. tenía un término (de cumplimiento estricto) de treinta (30) días para presentar un recurso de *certiorari* ante el Tribu-

---

(⁸) Además, véanse: *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48, 57–58 (1989); *Pueblo ex rel. R.S.R.*, 121 D.P.R. 293, 300 esc. 3 (1988); *Morales v. Méndez Más*, 109 D.P.R. 843, 845 (1980); *Pueblo v. Fragoso Sierra*, 109 D.P.R. 536, 539 (1980) (donde se desestimó un recurso porque la parte peticionaria no presentó una copia del mismo al Tribunal Supremo dentro del término de cumplimiento estricto de cuarenta y ocho (48) horas luego de haberlo presentado en el tribunal sentenciador).

(⁹) Se define "justo" como "that which is *right and fair* according to positive law". (Énfasis suplido.) J.B. Saunders *Words and Phrases, Legally Defined*, Londom, Ed. Butterworths, 1967, pág. 251. De otro lado, "justa causa" se define como "[a]quella causa ajena a la causa legal, que *está basada en motivos razonables, y debe existir una razón honesta regulada por la buena fe"*. (Énfasis suplido.) I. Rivera Garcia, *Diccionario de términos jurídicos* 2da ed., Orford, Ed. Equity, 1985, pág. 148.

nal de Circuito.([10]) Este término vencía el *23 de diciembre*,([11]) día cuando el E.L.A. presentó su recurso. Desde ese día, el E.L.A. tenía cuarenta y ocho (48) horas para notificarle al tribunal recurrido de la petición de *certiorari* presentada. Originalmente, dicha notificación se hizo en tiempo al Tribunal de Primera Instancia, Sala Superior de Mayagüez, aunque el verdadero tribunal recurrido era el de Aguadilla. Este último tribunal fue notificado cerca del *15 de enero de 1997*,([12]) es decir, aproximadamente *veintitrés (23) días* después de haberse presentado el recurso ante el Tribunal de Circuito.

En cuanto a la notificación a la parte contraria, el E.L.A. la tenía que hacer dentro del plazo dispuesto para la presentación del recurso. El E.L.A. cumplió con este término, pero notificó al abogado equivocado. No es hasta cerca del 30 de diciembre de 1996, aproximadamente siete (7) días después de haber vencido el plazo para notificar, que comparece el E.L.A. mediante una moción y certifica que está notificando al verdadero abogado del peticionario ese mismo día.

El Tribunal de Circuito, ante esta situación, prudentemente emitió una resolución en la que le concedió al E.L.A. quince (15) días para que compareciera y mostrara causa por la cual no se debía desestimar el recurso por no haberse hecho las respectivas notificaciones conforme a derecho. El E.L.A. compareció y adujo como razón para el incumplimiento que la falta se debía y originaba "en el memorando de referido del expediente para evaluación del

---

([10]) Dispone el Art. 4.002(f), *supra*, de la Ley de la Judicatura de Puerto Rico de 1994, *supra*, en lo pertinente, que "[e]n casos criminales, la presentación de una moción de reconsideración no interrumpirá el término para solicitar un *certiorari* bajo este inciso a menos que el Tribunal de Primera Instancia acoja la moción dentro del término de treinta (30) días dispuesto en este inciso para solicitar un *certiorari*".

([11]) El término de treinta (30) días realmente vencía el 21 de diciembre, pero por ser este día sábado, se extendió hasta el lunes 23 de diciembre.

([12]) La moción que obra en el expediente no tiene sellados el día y la hora cuando fue presentada en el Tribunal de Circuito. La fecha señalada es la que consta al final del documento redactado por el Procurador General.

fiscal a cargo del caso. [É]ste, a[u]n cuando se refiere al [caso del peticionario], fue acompañado por una moción de un caso relacionado con el mismo, pero en otro tribunal y sobre otra persona. ... Se trata por tanto de errores oficinescos que tan pronto fueron advertidos fueron corregidos". El Tribunal de Circuito expresó que la falta incurrida era de naturaleza excusable, por lo que no desestimó el recurso.

Sin embargo, y luego de haber hecho un minucioso análisis del expediente ante nos, encontramos que las razones aducidas por el E.L.A. no constituyen una causa justificada para dispensar del requisito de cumplimiento estricto en las notificaciones. Veamos.

Del propio recurso de *certiorari* presentado por el E.L.A. ante el Tribunal de Circuito surge *varias veces* quién es el abogado del peticionario y cuál es el tribunal recurrido. Así, en el inciso III de la petición, titulado "Resolución objeto de revisión", se señala correctamente el nombre de la Juez de instancia, la Hon. Leticia Espada Roldán, aunque incorrectamente se indica que pertenece a la Sala Superior de Mayagüez. En este mismo inciso se hace mención a los Núms. FASC96G0243, 244, 245 y 246, que corresponden a los números de las acusaciones contra el peticionario. Asimismo, el Apéndice I que acompaña la petición (que es la hoja de notificación y la resolución dictada por el foro de instancia), claramente indica el nombre de la juez, el tribunal recurrido, el nombre del abogado del peticionario y su dirección. De otra parte, el apéndice V contiene la segunda moción de desestimación presentada por el peticionario en el foro de instancia. De su epígrafe surge cuál es el tribunal recurrido, así como al final de esta moción aparece el nombre del abogado del peticionario y su dirección. Además, el Apéndice VI contiene la solicitud de reconsideración presentada por el Ministerio Público ante el foro de instancia. De ésta también surge cuál es el foro recurrido (en el epígrafe) y el nombre y la dirección del abogado del

peticionario. Véase la certificación de notificación al final del escrito.

Por otro lado, al observar el "memorando de referido del expediente" nos podemos percatar de que en él se hace referencia solamente al caso de autos: *Pueblo v. Eddie Pérez Suárez c/p Pilingo*. En su primer párrafo, se expresa que "[e]l 12 de noviembre de 1996, el *Tribunal de Aguadilla* desestimó la acusación por infracción al Art. 401 contra el *acusado de epígrafe*". (Énfasis suplido.) En este memorando se hace un recuento casi exacto del trámite procesal del presente caso. Incluso se menciona correctamente el contenido de la resolución del Tribunal de Primera Instancia que desestimó las acusaciones. Ahora bien, los *documentos anejados* a este memorando (una resolución y una moción en la cual se solicita la desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, *supra*) son los *únicos* que pertenecen a otro caso, en específico al de *Pueblo v. Ricardo Rivera Pagán*, visto en la Sala Superior de Mayagüez y cuyo abogado era el Lcdo. Harry Padilla Martínez.

■ Como se puede apreciar, la información pertinente para hacer las notificaciones apropiadas surgía con meridiana claridad del propio recurso presentado por el E.L.A. y del "memorando de referido del expediente". Por esta razón, no consideramos que la explicación brindada por el E.L.A. constituya la justa causa que permita el incumplimiento con los requisitos de cumplimiento estricto en las notificaciones. No se trata aquí de un mero "error oficinesco", sino de un descuido extremo al preparar y redactar el recurso de *certiorari*, lo que no puede constituir la justa causa que justifique el incumplimiento con los términos de cumplimiento estricto. Según hemos resuelto, "[n]o es con vaguedades, excusas o planteamientos estereotipados que se cumple con el requisito de justa causa, sino con explicaciones concretas y particulares, debidamente evi-

denciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales". *Arriaga v. F.S.E.*, supra, pág. 132.

Concluimos, por lo tanto, que abusó el Tribunal de Circuito de su discreción al acoger un recurso de *certiorari* en el que no se adujo una justa causa, razonable, cabal y detallada, para haber notificado tanto a la parte contraria como al tribunal recurrido fuera de los términos de cumplimiento estricto dispuestos para ello.

## IV

Por los fundamentos antes expuestos, *procede que se expida el auto de "certiorari" solicitado y se dicte sentencia revocando la sentencia dictada por el Tribunal de Circuito el 28 de octubre de 1997.*

El Juez Asociado Señor Negrón García concurrió con el resultado. Además, entiende que la presente ponencia no amerita ser publicada como opinión *per curiam*. El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita.