ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MARÍA DE LOS ÁNGELES VILLARRUBIA RUIZ<br><br>Peticionaria<br><br>v.<br><br>AGUADA EMERALD FIELDS CANNABIS WELLNESS CENTER, LLC., NATALIA ALBERTORIO RIVERA EN SU CARÁCTER PERSONAL, COMO SOCIO ADMINISTRADORA Y AGENTE RESIDENTE DE AGUADA EMERALD FIELDS CANNABIS WELLNESS CENTER, LLC., EMERALD HOLDINGS, LLC., WILFREDO ORTIZ, PERSONA NATURAL ABC, PERSONA JURÍDICA DEF<br><br>Recurridos | KLCE202300048 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br><br>Caso Núm.:<br>AU2020CV00428<br><br><br>Sobre:<br>Ley General de Corporaciones de Puerto Rico, Incumplimiento de Contrato, Dolo, Daños y Perjuicios |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero.

Martínez Cordero, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Comparece la señora María de los Ángeles Villarubia Ruiz (en adelante, señora Villarubia Ruiz y/o peticionaria), ante este Tribunal revisor, mediante un recurso de *certiorari,* en el cual nos solicita que revisemos la *Orden* emitida y notificada el 9 de diciembre de 2022, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI). En virtud del dictamen emitido, el TPI dio por cumplido el descubrimiento cursado por la señora Villarubia Ruiz a Aguada Emerald Fields Cannabis Wellness Center, LLC, (en adelante, Aguada Emerald y/o recurrida).

Número Identificador

RES2023_____

Por los fundamentos que más adelante se exponen, se desestima el recurso de *certiorari* presentado, por falta de jurisdicción.

I

El 13 de diciembre de 2020, la señora Villarubia Ruiz presentó una *Demanda* contra los demandados de epígrafe[1]. En la misma alegó, en síntesis, incumplimiento contractual, violaciones a la Ley General de Corporaciones, dolo, daños y perjuicios. Posteriormente, la demandante enmendó sus alegaciones en dos ocasiones adicionales. Esto es, el 28 de enero de 2021, presentó *Demanda Enmendada*[2] y el 15 de marzo de 2022, instó una *Segunda Demanda Enmendada*[3]. Por su parte, el codemandado, señor Wilfredo Ortiz Aponte y la parte codemandada Emerald Holdings, LLC, presentaron sus contestaciones a la segunda demanda enmendada[4]. Con relación a la parte codemandada Aguada Emerald, esta presentó una *Contestación a Segunda Demanda Enmendada* y dos (2) días después, presentó una *Contestación a Segunda Demanda Enmendada y Reconvención Enmendada.*[5]

Luego de varios incidentes procesales, los cuales no pormenorizaremos, por no ser atinentes a la controversia de autos, dio inicio el descubrimiento de prueba. Esta etapa fue constatada luego de examinar el expediente judicial ante nuestra consideración, así como, los autos ante el TPI, a través del Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC). De los autos ante el TPI se desprende que el descubrimiento de prueba debe culminar el 15 de mayo de 2023[6].

---

[1] Entrada 1 al expediente judicial del TPI en SUMAC.
[2] Entrada 12 al expediente judicial del TPI en SUMAC.
[3] Entrada 178 al expediente judicial del TPI en SUMAC.
[4] Entrada 201 y 207 al expediente judicial del TPI en SUMAC.
[5] Entradas 202 y 208 al expediente judicial del TPI en SUMAC.
[6] Entrada 468 al expediente judicial del TPI en SUMAC.

Según surge de los autos, 5 de diciembre de 2022, la señora Villarubia Ruiz, presentó una *Solicitud de Orden sobre Producción de Documentos* y una *Moción Incluyendo Anejos de Solicitud de Orden de Producción de Documentos*[7]. Con relación a esta solicitud, el 7 de diciembre de 2022, notificada al día siguiente, el TPI emitió *Orden* en la cual dispuso lo siguiente:

> "Se ordena a la señora Natalie Albertorio como administradora de Aguada Emerald producir los documentos requeridos al inciso 6 en Moción de orden sobre producción de documentos presentada por la parte demandante.
>
> Si no puede producirlo exprés.elo y si puede y no lo hace, el Tribunal tomará determinaciones en la vista..."[8]

Un día siguiente a la notificación de esta *Orden,* entiéndase, el 9 de diciembre de 2022, la codemandada Aguada Emerald presentó una *Moción en Cumplimiento de Orden*[9]. Arguyó que "allá para el 21 de noviembre de 2022, la Sra. Natalia Albertorio contestó la producción de documentos notificada por la parte demandante que es exactamente la misma que se copia en la solicitud de orden de la demandante del pasado lunes 5 de diciembre de 2022." Acompañó, además, un documento intitulado *Contestaciones a Segunda Producción de Documentos*. En cuanto al escrito presentado por Aguada Emerald, el 9 de diciembre de 2022, Tribunal dispuso: "Cumplido descubrimiento."[10]   Dicha orden fue notificada en esa misma fecha.

Con relación a la *Orden* antes aludida, el 16 de diciembre de 2022, la señora Villarubia Ruiz presentó, en lo pertinente, una moción de reconsideración[11]. Adujo que, la *Orden* emitida por el TPI

---

[7] Apéndice de la peticionaria a las páginas 3-6 y entrada 448 al expediente judicial del TPI en SUMAC.

[8] Apéndice de la peticionaria a la página 7 y entrada 469 al Expediente Judicial del TPI en SUMAC.

[9] Apéndice de la peticionaria a las páginas 8-13.

[10] Apéndice de la peticionaria a la página 14.

[11] Apéndice de la peticionaria a las páginas 15-19.  El escrito fue intitulado *Moción de reconsideración y reiterando solicitud de imposición de sanciones.*

el 9 de diciembre de 2022[12], fue emitida luego de que Aguada Emerald, presuntamente indujo a error al TPI, presentando un "alegado cumplimiento" con relación a la *Orden* emitida el 7 de diciembre de 2022.[13] En su escrito de reconsideración, la señora Villarubia Ruiz arguyó, además que, tal cumplimiento no había ocurrido, puesto que los documentos requeridos no fueron producidos. Por su parte, el 19 de diciembre de 2022, Aguada Emerald, presentó su oposición a la moción de reconsideración.[14]

El 19 de diciembre de 2022, el TPI emitió *Resolución*, notificada el 20 de diciembre de 2022, con relación a la moción de reconsideración presentada por la señora Villarubia Ruiz. En la misma ordenó, en síntesis, a Aguada Emerald y/o Natalia Albertorio a cumplir la *Orden* del 7 de diciembre de 2022, so pena de severas sanciones y de que el Tribunal concluyera que no producían los documentos por ser adversos a su teoría del caso.[15]

Dos (2) días después de emitir la Resolución en Reconsideración, es decir, el 21 de diciembre de 2022, el TPI emitió y notificó una segunda *Resolución*, esta vez en relación con la oposición a la moción de reconsideración. En la referida *Resolución*, el TPI dispuso No Ha Lugar a la moción de reconsideración.[16]

Inconforme con la determinación que emitió el Tribunal el 9 de diciembre de 2022, el 18 de enero de 2023, la peticionaria acudió ante este foro intermedio mediante recurso de *certiorari,* donde alegó la comisión por el TPI, de un (1) error, a saber:

> **Erró el Honorable Tribunal de Primera Instancia e incurrió en prejuicio, parcialidad y craso abuso de su discreción al dictar la Resolución del 21 de diciembre de 2022. A pesar de que Aguada Emerald no ha producido los documentos solicitados;**

---

[12] Apéndice de la peticionaria a la página 14.
[13] Apéndice de la peticionaria a la página 7 y entrada 469 al Expediente Judicial del TPI en SUMAC.
[14] Apéndice de la peticionaria a las páginas 20-32. El documento fue intitulado *Oposición a moción de reconsideración y reiterando solicitud de imposición de sanciones.*
[15] Apéndice de la peticionaria a la página 33.
[16] Apéndice de la peticionaria a la página 1.

**constituyendo este proceder una violación al debido proceso de ley de la parte recurrente.**

El 6 de febrero de 2023, la recurrida compareció ante este Tribunal mediante una *Solicitud de Desestimación.*

En síntesis, la recurrida, en su solicitud de desestimación sostiene que la peticionaria incumplió con las disposiciones del Reglamento del Tribunal de Apelaciones, específicamente con la Regla 33(A)[17] y (B)[18]. Además, alegó que no procede la expedición del auto de *certiorari*, amparándose en la Regla 40 del referido Reglamento y en la Regla 52.1 de las de Procedimiento Civil[19]. Por su parte, el 13 de febrero de 2023, la peticionaria presentó *Oposición a Solicitud de Desestimación.*

De igual forma, el 13 de febrero de 2023, la recurrida presentó su *Alegato en Oposición.*

Como cuestión de umbral, luego de haber examinado los planteamientos presentados en la solicitud de desestimación y su oposición, así como los autos del presente caso y el contenido de los autos originales del caso ante el TPI en el Sistema Unificado de Manejo y Administración de Casos (en adelante, SUMAC), procederemos a resolver.

II

**A. Jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para resolver las controversias presentadas ante su consideración. *AAA v. Unión Independiente Auténtica de Empleados de la AAA*, 199 DPR 638, 651-52. Los tribunales adquieren jurisdicción por virtud de ley, por lo que no pueden arrogársela ni las partes pueden otorgársela. *Ríos Martínez, Com. Alt. PNP v. CLE*, 196 DPR 289, 296 (2016). Es norma reiterada en nuestro

---

[17] 4 LPRA Ap. XXII-B R. (A).
[18] 4 LPRA Ap. XXII-B R. (B).
[19] 32 LPRA Ap. V, R. 52.1.

ordenamiento, que: "los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen". *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Ríos Martínez, Com. Alt. PNP v. CLE, supra.* Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada. *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002). De manera que, debido a su naturaleza privilegiada, las cuestiones de jurisdicción deben ser resueltas con preferencia, ya sea porque fuera cuestionada o motu proprio, pues, por su naturaleza, incide directamente sobre el poder que tiene para adjudicar las controversias. *Fuentes Bonilla v. ELA*, 200 DPR 364, 372 (2018).

Por tal motivo, cuando un tribunal carece de jurisdicción, debe declararlo y desestimar la reclamación sin entrar en sus méritos. Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. De lo contrario, cualquier dictamen en los méritos será nulo y, por ser ultra vires, no se puede ejecutar. *Bco. Santander v. Correa García*, 196 DPR 452, 470 (2016); *Maldonado v. Junta Planificación*, 171 DPR 46, 55 (2007). Es decir, una sentencia, dictada sin jurisdicción por un tribunal, es una sentencia nula en derecho y, por lo tanto, inexistente. *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 921-922 (2000).

**B. La presentación y notificación de un recurso de *certiorari***

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento de un recurso de *certiorari*, en lo relativo su presentación y a su notificación a las partes está regulado por la Regla 33 del Reglamento del Tribunal de Apelaciones. Estas

disposiciones reglamentarias deben observarse rigurosamente para el correcto perfeccionamiento de los recursos[20].

La Regla 33 (A) del citado Reglamento, dispone la manera en que se presentará un recurso de certiorari y lee de la siguiente forma:

> "El recurso de *certiorari* que se someta a la consideración del Tribunal de Apelaciones, y sus tres copias, podrá presentarse [. . .] o en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión.
>
> [. . .] De presentarse el recurso de *certiorari* en la Secretaría de la sede del Tribunal de Primera Instancia en la cual se resolvió la controversia objeto de revisión, la Secretaría del tribunal recurrido retendrá una copia del escrito de *certiorari* y la parte peticionaria notificará a la Secretaría del Tribunal de Apelaciones dentro de las cuarenta y ocho horas siguientes a la presentación de la solicitud, el original del escrito con el arancel cancelado y tres copias del mismo debidamente selladas por la Secretaría del tribunal recurrido, con la fecha y la hora de su presentación. **El término aquí dispuesto será de cumplimiento estricto.**" **Énfasis suplido.**

Por su parte, la Regla 33 (B) dispone sobre cómo se notificará el recurso de *certiorari* a las partes y lee de la siguiente forma:

> "**La parte peticionaria notificará la solicitud de *certiorari***, debidamente sellada con la fecha y la hora de presentación, **a los abogados o abogadas de récord**, [. . .] dentro del término dispuesto para la presentación del recurso. Este término será de cumplimiento estricto. Efectuará la notificación por correo certificado con acuse de recibo o mediante un servicio similar de entrega personal por compañía privada con acuse de recibo. Cuando se efectúe por correo, se remitirá la notificación a los abogados o abogadas de las partes, [. . .] **La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari*.** La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. La notificación mediante entrega personal deberá hacerse en la oficina de los abogados o las abogadas que representen a las partes, entregándola a éstos o éstas, o a cualquier persona a cargo de la oficina. [. . .] **En caso de entrega personal, se certificarán la forma y las circunstancias de tal diligenciamiento,** lo que se hará dentro de las próximas cuarenta y ocho horas. **El término aquí dispuesto será de cumplimiento estricto**. [. . .]**" Énfasis suplido.**

---

[20] *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

Con relación a los términos de cumplimiento estricto, el foro judicial no está sujeto al automatismo que conlleva el término jurisdiccional, sino que puede proveer justicia según lo ameriten las circunstancias. Los requisitos de cumplimiento estricto se pueden observar tardíamente si existe y se demuestra de forma detallada y cabal una causa justa para no haber cumplido rigurosamente con tales términos. *Pueblo v. Pérez Suárez*, 146 DPR 665 (1998). Estos requisitos de cumplimiento estricto se pueden observar tardíamente si existe y se demuestra detallada y cabalmente una justa causa para no cumplir rigurosamente con los mismos, de forma tal que el tribunal pueda estar en posición de resolver y ejercer su discreción de manera prudente. *Pueblo v. Pérez Suárez*, 146 DPR 665 (1998) supra.

Para que un tribunal pueda eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes dos condiciones: (1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Arriaga v. FSE*, 145 DPR 122 (1998).

### III

Un análisis de los planteamientos de las partes, incluyendo la revisión de los autos ante este Tribunal intermedio y ante el TPI, a través del SUMAC, evidencian que la peticionaria cumplió con los requerimientos que impone el Reglamento del Tribunal de Apelaciones, específicamente en cuanto a la Regla 33 (A), más no así en cuanto a la Regla 33 (B). Veamos.

En la *Solicitud de Desestimación* la recurrida esgrimió varias alegaciones por las cuales el recurso de *certiorari* debía ser desestimado, incluyendo en las mismas una oposición a la

expedición del auto de *certiorari*. Sin embargo, solo pormenorizaremos las que son atinentes, como cuestión de umbral. Entre las alegaciones para sustentar su solicitud de desestimación, la recurrida esgrimió tres, las cuales sintetizamos de la siguiente forma: (i) la peticionaria alegadamente no presentó ante el TPI, la carátula del recurso en las setenta y dos (72) horas reglamentarias, desde su radicación; (ii) la peticionaria alegadamente no notificó adecuadamente el recurso de *certiorari* a la Lcda. María del Carmen Gitany Alonso; y (iii) la peticionaria alegadamente no notificó el recurso de *certiorari* al Lcdo. César T. Alcover Acosta.

En primer lugar, debemos destacar nuevamente que, los autos del presente caso ante el TPI se encuentran en el SUMAC, por tanto, no existe un expediente físico en el foro primario. Conforme al Reglamento del Tribunal de Apelaciones, una vez se presenta un recurso ante esta Curia, la peticionaria debe presentar ante el TPI, dentro de las siguientes setenta y dos (72) horas, la carátula del recurso presentado. Un examen de los autos del foro primario y de los que se encuentran ante este Tribunal intermedio, revelan que la peticionaria acreditó haber notificado por correo certificado el recurso de *certiorari* al TPI el 19 de enero de 2023[21]. Sin embargo, no fue hasta el 23 de enero de 2023, que el TPI recibió el sobre con la carátula, determinando devolverlo a la peticionaria, debidamente ponchado, pero sin radicar en el expediente judicial, bajo el siguiente fundamento: "SE DEVUELVE SOLICITUD DE CERTIORARI RECIBIDO EL 23 DE ENERO DE 2023, YA QUE EL MISMO DEBE SUBIRLO AL SISTEMA SUMAC"[22]. Este documento fue publicado en el SUMAC el 24 de enero de 2023, en un documento preparado por

---

[21] *Moción en Cumplimiento de Orden*, presentada por la peticionaria ante esta Curia el 31 de enero de 2023.

[22] Véase Entrada 521 al Expediente Judicial del TPI en SUMAC y el denominado Exhibit 3 de la Solicitud de Desestimación, presentada por la recurrida, el 6 de febrero de 2023.

la Secretaria Regional del foro recurrido e intitulado *Hoja de Trámite.*[23]

En el orden de los eventos, en esa misma fecha, entiéndase, el 24 de enero de 2023, el TPI publicó también en SUMAC una *Carta Informando Presentación de Recurso en el Tribunal de Apelaciones*[24]. Esta carta constituye la notificación del Tribunal intermedio, al TPI y a las partes, en torno a la presentación del recurso de *certiorari* que nos ocupa, la cual contiene, además, el número de caso ante esta Curia.

Dos (2) días después de que se publicara en el SUMAC la *Hoja de Trámite*, entiéndase, el 26 de enero de 2023, la peticionaria presentó ante el TPI, una *Moción para informar presentación de recurso ante el Tribunal de Apelaciones*[25]. En esa misma fecha, se presentó, además, un escrito idéntico, el cual incluyó como anejo, dos (2) documentos[26]. Al revisar los documentos que fueron incluidos, nos percatamos de que el primer anejo es la carátula del recurso de *certiorari* del caso ante nuestra consideración, y el segundo es una copia de un recibo de envío por correo certificado. Al revisar el recibo, no pudimos identificar claramente a quién iba dirigido, ni la fecha en que se depositó en el correo, así como tampoco, el número de seguimiento. Sin embargo, al revisar los autos del presente caso, pudimos constatar que el recibo de envío por correo certificado antes indicado correspondió a la notificación al TPI, recibido en el servicio de correo postal el 19 de enero de 2023, y entregado al TPI el 23 de enero de 2023[27]. Esta última fecha, coincide con el día en que el TPI recibió la correspondencia, según hemos expuesto. Observamos, además, que la carátula del recurso

---

[23] Es necesario aclarar, que publicar un documento en SUMAC es un trámite en el cual se incluye un documento en el expediente electrónico. No contiene como tal, un volante de notificación, salvo que así surja.

[24] Véase Entrada 525 al Expediente Judicial del TPI en SUMAC.

[25] Véase Entrada 529 al Expediente Judicial del TPI en SUMAC.

[26] Véase Entrada 530 al Expediente Judicial del TPI en SUMAC.

[27] Número de seguimiento 7022 0410 0000 5628 0795.

de *certiorari* cuenta con un ponche de presentación en la parte superior derecha, que lee de la siguiente forma: "ENE23'23 C.J.A. CORREO AM 11:08".

Todo este tracto sin duda confirma que: (i) el 19 de enero de 2023, la peticionaria depositó en el correo el documento que contenía la carátula del recurso de *certiorari*; (ii) el 23 de enero de 2023, el TPI recibió el documento a las 11:08 am y en esa misma fecha se preparó una *Hoja de Trámite* para devolver el mismo a la peticionaria porque debía ser cargado a SUMAC; (iii) el 24 de enero de 2023, el TPI publicó en SUMAC la *Hoja de Trámite* en relación a este asunto; y (iv) el 26 de enero de 2023, la peticionaria notificó nuevamente la carátula del recurso al TPI, pero esta vez, cargando la misma a través del SUMAC.

Con relación a este particular, nos parece que, aunque la peticionaria incidió en el trámite requerido para presentar documentos en casos a través del SUMAC, lo cierto es que el recurso fue notificado al TPI de forma oportuna, por correo certificado con acuse de recibo. No nos parece irrazonable que tomando en consideración que (i) la peticionaria envió por correo certificado con acuse de recibo la carátula del recurso de *certiorari* presentado ante esta Curia al TPI el sábado, 19 de enero de 2023; (ii) la correspondencia fue recibida en el TPI el 23 de enero de 2023; (iii) la *Hoja de Trámite* para devolver el documento a la peticionaria fue preparada por la Secretaria Regional, el 23 de enero de 2023, pero publicada en el SUMAC el 24 de enero de 2023; considerando, además, que esta *Hoja de Trámite* debió haberse notificado por correo, con la carátula del recurso de certiorari devuelto; todo esto haya provocado que la peticionaria cargara al SUMAC la carátula del recurso presentado ante esta Curia, el 26 de enero de 2023. Lo adecuado hubiese sido que, desde el principio, la peticionaria hubiese cargado al SUMAC la carátula del recurso de *certiorari*,

puesto a que los autos del caso recurrido se encuentran en el SUMAC y no en un expediente físico. Sin embargo, dadas las circunstancias antes expresadas, consideramos que existe una justa causa para la dilación en cargar la carátula del recurso presentado en el SUMAC y existe una base razonable, que se sustenta, además, del propio expediente judicial ante el TPI, para que esta situación haya ocurrido. Por tanto, y dados los fundamentos aquí esbozados, no procede desestimar el recurso de *certiorari* por alegado incumplimiento con la Regla 33 (A) del Reglamento del Tribunal de Apelaciones.

En segundo lugar, la recurrida expuso en su solicitud de desestimación que la peticionaria incumplió con el Reglamento del Tribunal de Apelaciones esbozando dos razones adicionales, al amparo de la Regla 33 (B). La primera es una alegada inadecuada notificación a una de las representantes legales de las partes, y la segunda es una alegada falta de notificación del recurso a una de las partes.

Adelantamos que, con relación a la inadecuada notificación a una de las representantes legales, no le asiste la razón. Veamos.

La recurrida expuso que la peticionaria notificó el recurso a una de las representantes legales de las partes, entiéndase, la licenciada Gitany Alonso a una dirección incorrecta. Según la recurrida, el recurso de *certiorari* le fue notificado por correo certificado a la Urb. Paraíso de Mayagüez, Calle Bondad **#5**, Mayagüez, P.R. 00680, pero debió decir Urb. Paraíso de Mayagüez Calle Bondad **#15**, Mayagüez, P.R. 00680. Revisados los autos del presente caso, pudimos constatar que no es correcta la alegación y que en efecto la peticionaria notificó correctamente a la licenciada Gitany Alonso. Su inobservancia fue al completar el comprobante del envío por correo certificado, documento que posteriormente utilizó la peticionaria para alegar a esta Curia, haber notificado a la

licenciada Gitany Alonso. En este comprobante, fue que la peticionaria escribió el #5, en vez del #15. Sin embargo, un examen de los documentos provistos por la peticionaria nos lleva a concluir que el sobre donde se notificó el recurso de *certiorari*, el cual, casualmente, fue devuelto por el servicio postal por no haber sido reclamado, contenía la dirección correcta de la licenciada Gitany Alonso. Por tanto y según hemos expuesto, no le asiste razón a la peticionaria a los fines de que existiera un defecto en la notificación a la licenciada Gitany Alonso.

En cambio, la recurrida plantea como otra causa para la desestimación, que otra de las partes en el presente caso, no fue notificada del recurso de *certiorari*. Es decir, la recurrida alegó que el Lcdo. César T. Alcover Acosta, quien representa a otra de las partes en este caso, no fue notificado del recurso presentado ante esta Curia. Revisados los autos, notamos que en el recurso de *certiorari*, la peticionaria certificó haber notificado copia del mismo al Lcdo. César T. Alcover Acosta a su dirección en G.P.O. Box 364924, San Juan, Puerto Rico 00936-4924. Sin embargo, en la *Moción en Cumplimiento de Orden*, en la cual la peticionaria expresó haber cumplido con la referida notificación, no obra prueba de tal envío y esa es la contención de la peticionaria. Por su parte, en la *Oposición a Solicitud de Desestimación*, la peticionaria expresó que esta alegación era falsa y en una nota al calce, expresó, en síntesis, que el recurso de *certiorari* le había sido entregado al licenciado Alcover Acosta personalmente, el 19 de enero de 2023[28].

Contando con las posiciones de ambas partes en torno a este particular, no pudimos constatar en los autos ante esta Curia, en la *Moción en Cumplimiento de Orden*, presentada por la peticionaria, al momento en que acreditó la notificación del recurso y mucho menos,

---

[28] *Oposición a Solicitud de Desestimación*.

de la *Oposición a Solicitud de Desestimación*, que se hubiese acreditado al Tribunal, que, en efecto, la alegada entrega personal del recurso al licenciado Alcover Acosta se realizó. La peticionaria tampoco informó sobre las razones para tal cambio en la forma en que alegadamente se notificó el recurso, específicamente, en cuanto al licenciado Alcover Acosta y mucho menos, se demostró justa causa para el alegado cambio.

Tomando en consideración que la peticionaria no cumplió con las disposiciones reglamentarias para el perfeccionamiento del recurso ante nos, tal falta incide en la autoridad que tiene esta Curia para entender sobre los méritos del recurso de *certiorari* presentado. Siendo así, carecemos de jurisdicción para dirimir la controversia sometida ante nuestra consideración.

IV

Por los fundamentos expuestos, se declara Ha Lugar la Solicitud de Desestimación. En su consecuencia, se desestima el presente recurso por falta de jurisdicción, ante el incumplimiento con las disposiciones reglamentarias para el perfeccionamiento del mismo y no haber acreditado justa causa para dicho incumplimiento.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Lebrón Nieves disiente por entender que el recurso debió ser denegado. Ello, toda vez que el dictamen recurrido no es revisable al palio de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones