ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| JUDITH J. JIMENEZ RIVERA<br><br>PETICIONARIA<br><br>v.<br><br>JOSÉ A. COLÓN APONTE<br><br>RECURRIDO | KLCE202400045 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br>_____<br>CASO NÚM.: D AL2023-0006 (3006)<br>_____<br>SOBRE: ALIMENTOS INHIBICIÓN |
| --- | --- | --- |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y el Juez Salgado Schwarz

Salgado Schwarz, Carlos G., Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 22 de enero de 2024.

Comparece[1] Judith Jimenez Rivera, en adelante, la peticionaria, mediante un recurso discrecional de *certiorari,* y nos solicita que revisemos una *Resolución* emitida el 4 de diciembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en adelante TPI, y notificada el 8 de diciembre de 2023.

En virtud de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *desestimamos* el recurso presentado por falta de jurisdicción, por tardío.

-I-

A.  Certiorari

El auto de certiorari es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[2] Distinto al

---

[1] El recurso de *certiorari* fue presentado ante el Tribunal de Apelaciones el 11 de enero de 2024, y por un defecto en la radicación, finalmente se entendió presentado el 12 de enero de 2024.
[2] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016).

Número Identificador

SEN2022_____

recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[3]

Al presentarse un recurso de *certiorari* de naturaleza Civil ante nosotros, es preciso evaluarlo a la luz de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1. Como es sabido, la Regla 52.1 de Procedimiento Civil, [supra], es la disposición reglamentaria que regula todo lo relacionado a la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia.[4] Dicha Regla limita la autoridad de este Tribunal para revisar las órdenes y resoluciones interlocutorias dictadas por los tribunales de instancia por medio del recurso discrecional de *certiorari*. Posterior a su aprobación, dicha Regla fue enmendada nuevamente por la Ley 177-2010, y dispone como sigue:

> Todo procedimiento de apelación, *certiorari*, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan

---

[3] *Pueblo v. Díaz de León*, 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).
[4] *Municipio v. JRO Construction*, 201 DPR __, 2019 TSPR 10.

> interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales.[5]

Establecido lo anterior, es preciso recordar que, si bien el auto de certiorari [...] es un vehículo procesal discrecional, la discreción del tribunal revisor no debe hacer abstracción del resto del derecho.[6] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[7]

La discreción judicial "no se da en un vacío ni en ausencia de unos parámetros".[8] Recordemos que, a fin de que el Tribunal de Apelaciones pueda ejercer su discreción de manera prudente, la Regla 40 de su Reglamento, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que dicho foro debe considerar al determinar si procede o no expedir un auto de certiorari.[9] En particular, esta Regla dispone los siguientes criterios:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[5] 32 LPRA Ap. V, R.52.1

[6] *Municipio v. JRO Construction*, *supra*; *IG Builders v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83 (2008); *García v. Padró*, 165 DPR 324 (2005).

[7] *Id.*; *IG Builders v. BBVAPR*, *supra*; *Torres Martínez v. Torres Ghigliotty*, *supra*; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

[8] *Id.*; *IG Builders v. BBVAPR*, *supra*, pág.338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011).

[9] *Municipio v. JRO Construction*, *supra*.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[10]

El TSPR ha manifestado, que los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto.[11] Por tal razón, el ejercicio de las facultades discrecionales por el foro de instancia merece nuestra deferencia, salvo que incurra en algunas de las conductas previamente mencionadas.

**B. Jurisdicción**

Nuestra Regla 32, inciso (D), del Reglamento de Apelaciones, establece el término para presentar un recurso de *certiorari* cuando se trata de revisar *cualquier otra resolución u orden*:

*El recurso de certiorari para revisar cualquier otra resolución u orden o sentencia final al revisar un laudo de arbitraje del*

---

[10] 4 LPRA Ap. XXII-B, R. 40.
[11] *Citibank, N.A. v. Cordero Badillo*, 200 DPR ___ 2018 TSPR 119.

> *Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud **dentro de los treinta días** siguientes a la fecha del **archivo en autos de una copia de la notificación** de la resolución u orden recurrida. Este término es de **cumplimiento estricto.***

La jurisprudencia ha sido clara y abundante en cuanto a qué constituye **cumplimiento estricto.** Sobre este particular, nuestro Tribunal Supremo ha señalado que éstos, contrario a los jurisdiccionales, se pueden observar tardíamente si existe y se demuestra adecuada y oportunamente **justa causa** para la dilación. Expresamente nuestro más Alto Foro indicó:

> *Los tribunales pueden eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, si están presentes dos condiciones: **(1)** que en efecto exista justa causa para la dilación **y (2)** que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida.*[12]

Debemos señalar que la *justa causa* no constituye cualquier justificación general. La jurisprudencia la ha definido como *aquella causa ajena a la causa legal, que está basada en motivos razonables y debe existir una razón honesta regulada por la buena fe*.[13] Es por esta razón, que este Tribunal no goza de discreción para prorrogar los términos de cumplimiento estricto automáticamente.[14] Resultaría un abuso de discreción de este Foro acoger un recurso de *certiorari* en el que no se adujo una justa causa, razonable, cabal y detallada. En ese sentido, el Tribunal Supremo de Puerto Rico expresó lo siguiente:

> *…**no es con vaguedades, excusas o planteamientos estereotipados** que se cumple*

---

[12] *Arriaga v. FSE*, 145 DPR 122, 132 (1998); *Pueblo v. Pérez Suárez*, 146 DPR 665, 671 (1998).
[13] *Pueblo v. Pérez Suárez*, *supra*, a la pág. 671, nota 2. Énfasis del caso.
[14] *Arriaga v. FSE*, *supra*, a la pág. 131.

*con el requisito de justa causa, sino con explicaciones concretas y particulares, **debidamente evidenciadas,** que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por **circunstancias especiales.**[15]*

Es por lo cual, la Regla 83(B)(2) del Reglamento del Tribunal de Apelaciones nos autoriza a *desestimar cualquier recurso que se haya presentado **fuera del término de cumplimiento estricto** dispuesto por ley **sin que exista justa causa** para ello.*[16]

Por otra parte, valga enfatizar que el Tribunal Supremo de Puerto Rico ha sido enfático en que los tribunales deben proteger su propia jurisdicción. Es norma reconocida que las cuestiones relativas a la jurisdicción de los tribunales para atender los recursos ante su consideración constituyen materia privilegiada.[17] A esos fines, ha expresado reiteradamente que *los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados, incluso, a considerar dicho asunto motu proprio.*[18] Es decir, debido a la importancia de las cuestiones jurisdiccionales, los tribunales venimos obligados a considerar dichos asuntos **prioritariamente,** a solicitud de parte o incluso, en ausencia de planteamiento a tales efectos.[19]

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) y (C). disponen lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;

---

[15] *Pueblo v. Pérez Suárez, supra*, a las págs. 674 – 675; *Arriaga v. FSE, supra,* a la pág. 132. Énfasis nuestro.
[16] 4 LPRA Ap. XXII-B, R. 83 (B) (2). Énfasis nuestro.
[17] *AAA v. Unión Abo. AAA*, 158 DPR 273, 279 (2002).
[18] *Id.*
[19] *Id.*

[…]

(C)   El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

-II-

Nos encontramos ante un recurso que claramente no es justiciable y a todas luces fue presentado fuera de término.

En esencia, cual citado, la Regla 32, inciso (D) del Reglamento del Tribunal de Apelaciones, establece un término de cumplimiento estricto de **treinta (30) días** para presentar un recurso de *certiorari*, como lo es en este caso. A tono con la Resolución del 4 de diciembre de 2023 y notificada —**8 de diciembre de 2023**— que corresponde a la ***Solicitud de Inhibición al Amparo del Canon 20 de Ética Judicial***, la peticionaria debió presentar su recurso de *certiorari*, a no más tarde del **lunes, 8 de enero de 2024**[20]. No obstante, el mismo fue presentado en el mejor de los escenarios, el 11 de enero de 2024, y en el peor, el 12 de enero de 2024.

Así, queda claro que la parte peticionaria presentó el recurso de *certiorari* fuera del término de **cumplimiento estricto** de treinta (30) días. Pues, aunque es un término que admite la presentación de *justa causa* para su incumplimiento, el peticionario tampoco ha argüido alguna razón o justificación razonable para su inobservancia.

En consecuencia, en ausencia de *justa causa* para la presentación del recurso de epígrafe fuera del término

---

[20] El término de treinta días vencía el domingo, 7 de enero de 2024, por lo que se corre el mismo para el próximo día hábil.

de treinta (30) días de cumplimiento estricto dispuesto en nuestro reglamento, carecemos de jurisdicción por tardío.

**-III-**

Por los fundamentos antes expuestos, se *desestima* el presente recurso por falta de jurisdicción, tardío.

Notifíquese.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*