Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| LILLIAM GONZÁLEZ SANTIAGO<br><br>Demandante-Apelante<br><br>v.<br><br>EDWIN GONZÁLEZ SANTIAGO, FREDDIE GONZÁLEZ SANTIAGO, IVÁN GONZÁLEZ SANTIAGO<br><br>Demandados-Apelados | KLAN202400744 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Civil núm.: JU2023CV00093 (502)<br><br>Sobre: Alimentos entre Parientes, Ley 121 |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 23 de agosto de 2024.

Comparece ante este tribunal apelativo la Sra. Lilliam González Santiago (la señora González Santiago o la apelante) mediante el recurso de apelación de epígrafe y nos solicita que revoquemos una *Sentencia* dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas (el TPI) el 31 de mayo de 2024, archivada en autos al día siguiente. Mediante dicho dictamen, el foro primario ordenó a cada hijo aportar ochenta dólares ($80) semanales para el cuido de su madre, Sra. Martina Santiago García; y además que, en el término de treinta (30) días, buscaran un hogar que ofreciera todos los servicios necesarios para la mejor atención médica para esta.

Por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción, ello ante

el incumplimiento con las disposiciones reglamentarias para su perfeccionamiento.

## I.

Conforme surge del dictamen apelado, el 27 de julio de 2023, la señora González Santiago presentó una *Demanda* al amparo de la Ley núm. 121-2019, conocida como *Carta de Derechos de los Adultos Mayores* y la Ley núm. 193-2002 conocida como *Ley sobre Mejoras al Sustento de Personas de Edad Avanzada*. En esencia, esta solicitó alimentos y cuido para beneficio de su madre, la Sra. Martina Santiago García, a ser satisfechos de forma equitativa entre sus cuatro hijos, tres de los cuales son los demandados y parte apelada en el recurso de epígrafe.

Luego de varios trámites procesales, que no son necesarios consignar, y celebrado el juicio en su fondo, el foro apelado dictó la *Sentencia* apelada consignando treinta (30) determinaciones de hechos. Además, detalló la prueba testifical presentada por los demandados. Aquilatada la prueba presentada y dirimida la credibilidad de los testigos, el foro *a quo* concluyó lo siguiente:[1]

> Este es un caso como tantos en nuestra sociedad, que nos toca interpretar la aplicación de la Ley Núm. 121-2019, supra, y las disposiciones relacionadas a la obligación de alimentar establecida por nuestro Código Civil de Puerto Rico. En el caso de autos, Doña Martina Santiago García, una adulta mayor de 82 años, vive sola en su residencia y es asistida por familiares y cuidadoras contratadas privadamente. Sus tres hijos y su hija desean compartir con su madre y aportar a sus necesidades. Ninguno intenta eludir su responsabilidad. Sin embargo, los demandados solicitan que su madre sea ubicada en un hogar de cuido de larga duración, y la demandante solicita que su madre permanezca en su residencia y se establezcan turnos para su cuido y que todos aporten económicamente a la contratación sobre dichos servicios.
>
> …
>
> A pesar de las discrepancias entre las partes, todos los testigos estuvieron de acuerdo en que Doña Martina Santiago García requiere supervisión en todo momento, que no puede confeccionar sus propios alimentos, asearse, ni vestirse sin asistencia de un tercero. Que tiene condiciones de salud que ameritan ser atendidas con seguimiento adecuado. También fue

---

[1] Véase, Apéndice del Recurso, a las páginas 26, 37 y 38.

prueba que todos los familiares aman y desean compartir con su señora madre y que actualmente ese compartir no está ocurriendo.

Este Tribunal no puede coartar el derecho que la adulta mayor tiene de ser atendida en un lugar en que puedan prestarle la atención adecuada y pueda ser visitadas por sus familiares sin que exista la preocupación de caídas o de enfrentamientos.

Ante tal, se mantiene la orden de aportación para cada hijo de $80.00 dólares semanales. Se ordena a las partes en el **plazo de 30 días** buscar un hogar que ofrezca todos los servicios requeridos para la Sra. Martina Santiago García, y a la vez esté dentro del presupuesto que totalizará las ayudas que recibe doña Martina, y la aportación semanal de los cuatro (4) hijos de la señora Santiago. [Énfasis en el original]

Del dictamen surge que los demandados comparecieron mediante representación legal, Lcda. Nancy Reyes Carrucini. Además, fue aceptada como parte interventora, el Programa PROSPERA, quien compareció también mediante representación legal.[2]

Inconforme con lo resuelto, la apelante solicitó la reconsideración la cual fue declarada sin lugar el 19 de julio de 2024, notificada ese mismo día.

Todavía en desacuerdo, la señora González Santiago acude ante este foro intermedio imputándole al TPI haber cometido los siguientes errores:

A. EL TPI COMETIÓ ERROR CRASO DE DERECHO, Y ABUSÓ DE SU DISCRECIÓN, EN TOTAL PARCIALIDAD AL DETERMINAR A FAVOR DE LOS APELADOS, Y ORDENAR QUE LA ADULTA MAYOR DEBE TERMINAR SUS ULTIMOS AÑOS DE VIDA EN UN HOGAR DE ANCIANOS, SIENDO ATENDIDA POR TERCEROS QUE NO LA CONOCEN, Y RECIBIENDO CUIDADOS EN UN LUGAR DESCONOCIDO QUE NO ES SU HOGAR, NI SU FAMILIA, EN CONTRA DE SU VOLUNTAD.

B. EL TPI COMETIÓ ERROR CRASO DE DERECHO, ABUSÓ DE SU DISCRECIÓN Y DE FORMA IRRAZONABLE, CONTRARIO A LA VOLUNTAD DE LA ADULTA MAYOR EXPRESA EN EL PODER DURADERO QUE OTORGÓ A LA APELANTE PARA TOMAR LAS DECISIONES SOBRE SU PERSONA Y

---

[2] De la boleta de notificación de la *Sentencia,* verificado en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), surge que fueron notificadas las representaciones legales de la señora González Santiago, la representación legal de los demandados, parte apelada, y el representante legal del Programa PROSPERA.

SUS BIENES, ORDENÓ CONTRARIO A ELLO QUE FUESE COLOCADA EN UN ASILO.

C. EL TPI COMETIÓ ERROR CRASO DE DERECHO, ABUSÓ DE SU DISCRECIÓN Y DE FORMA IRRAZONABLE, DECLARÓ SIN LUGAR LA RECONSIDERACIÓN LO QUE TUVO EL EFECTO DE BENEFICIAR A LOS DEMANDADOS EN DETRIMENTO DEL MEJOR BIENESTAR DE LA ADULTA MAYOR Y EN VIOLACION DE LA POLITICA PUBLICA DE LA LEY 121 Y LA LEY 168, SEGÚN ENMENDADAS.

D. EL TPI COMETIÓ ERROR CRASO EN DERECHO Y ABUSÓ DE SU DISCRECIÓN AL DENEGAR EL PAGO DE RETROACTIVO PARA BENEFICIO DE LA ADULTA MAYOR SEGÚN PREVIAMENTE LO HABÍA ORDENADO, Y CON ELLO AFECTÓ LOS DERECHOS DE LA ADULTA MAYOR Y DE ESTA PARTE.

E. EL TPI COMETIÓ ERROR CRASO, ABUSÓ DE SU DISCRECIÓN EN TOTAL PARCIALIDAD, AL DECIDIR CONTRARIO A LA PRUEBA DESFILADA, POR LO CUAL ERRÓ EN LA APRECIACIÓN DE LA PRUEBA.

F. EL TPI COMETIÓ ERROR CRASO, ABUSÓ DE SU DISCRECIÓN EN TOTAL PARCIALIDAD, AL IMPONER EL TRASLADO DE LA ADULTA MAYOR A UN HOGAR DE ENVEJECIENTES, EN CLARO DETRIMENTO DEL MEJOR BIENESTAR DE ESTA, SIN EL BENEFICIO DE CONOCER EL HOGAR, SIN CONOCER LOS COSTOS, SIN TENER EN CUENTA QUE SE TRATA DE UNA MUJER QUE PIDIÓ TERMINAR SU VIDA EN SU CASITA, Y SIN TOMAR EN CUENTA EL PODER DURADERO QUE ASÍ LO ESTABLECIA.

Examinado el recurso, y a tenor de la determinación arribada, determinamos prescindir del escrito en oposición según nos faculta la Regla 7(B)(5) del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, R. 7(B)(5).

## II.

**Jurisdicción**

El Tribunal Supremo de Puerto Rico ha reiterado en diversas ocasiones que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero v. Oficina de Gerencia de Permisos y otros,* 187 DPR 445 (2012); *Vázquez v. ARPe,* 128 DPR 531, 537

(1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). Las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y; por consiguiente, desestimar el recurso. *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *A.S.G. v. Municipio San Juan,* 168 DPR 337 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248 (1992). Los tribunales deben velar cuidadosamente por su propia jurisdicción y abstenerse de asumirla donde no existe. *Vázquez v. ARPe,* 128 DPR 513 537 (1991). Es por ello que, como celosos guardianes de nuestro poder de intervención apelativa, si carecemos de jurisdicción para atender los méritos de un recurso, nuestro deber es así declararlo y sin más, proceder a desestimar. *García Hernández v. Hormigonera Mayagüezana, Inc.,* 172 DPR 1(2007); *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345 (2003). De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.,* 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra,* 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Julia Padró et al v. Epifanio Vidal, S. E.,* 153 DPR 357, 366 (2001).

Conforme a ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83, sobre desistimiento y desestimación nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. La jurisdicción es un asunto respecto el cual debemos guardar celo y examinar con cuidado, pues si no poseemos autoridad en ley para dirimir una causa, cualquier pronunciamiento será nulo, salvo que sea para declarar la falta de jurisdicción y desestimar. *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314 (1997).

**Notificación del recurso a las partes**

Como es sabido, las disposiciones reglamentarias sobre los recursos a presentarse ante el Tribunal de Apelaciones deben observarse rigurosamente para el correcto perfeccionamiento de los mismos. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011). No puede quedar al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo. *Arriaga v. FSE,* 145 DPR 122 (1998). Nuestro estado de derecho, en aras de garantizar a las partes su día en corte, exige a los miembros de la profesión legal cumplir cabalmente con los trámites contemplados por ley y reglamentos respecto al perfeccionamiento de los recursos en alzada. *Soto Pino v. Uno Radio Group,* 189 DPR 84 (2013); *Matos v. Metropolitan Marble Corp.,* 104 DPR 122 (1975).

En lo que respecta a la **notificación del recurso de apelación,** la Regla 13(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 13(B), dispone como sigue:

> **(B) Notificación a las partes**
>
> **(1) Cuándo se hará**
>
> **La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.**
>
> **(2) Cómo se hará**

**La notificación por correo <u>se remitirá a los abogados o abogadas de las partes, o a las partes cuando no estuviesen representadas por abogado o abogada</u> ...** [Énfasis y subrayado nuestro]

Conforme a lo antes transcrito, la parte que promueve un recurso de apelación dispone del mismo plazo que el estado de derecho le provee para acudir en alzada para notificar su gestión a la parte oponente. En lo pertinente, en ocasión a que esta tenga abogado, la notificación correspondiente se hará por su conducto, ello de conformidad con las exigencias pertinentes a la metodología de notificación a ser empleada. Dicho término es de cumplimiento estricto.

**Términos de Cumplimiento Estricto**

En cuanto a los términos de cumplimiento estricto, nuestro Tribunal Supremo ha señalado que el foro judicial no está sujeto al automatismo que conlleva el término jurisdiccional, sino que puede proveer justicia según lo ameriten las circunstancias. *Lugo v. Suárez*, 165 DPR 729 (2005); *Pueblo v. Pérez Suárez*, 146 DPR 665, 670 (1998). Ahora bien, los requisitos de cumplimiento estricto se pueden observar tardíamente si existe y se demuestra detallada y cabalmente una justa causa para la dilación y no cumplir rigurosamente con ellos. *Pueblo v. Pérez Suárez,* supra, a la pág. 671. De modo que, para que los tribunales puedan eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deberán estar presentes las siguientes dos condiciones: (1) que en efecto exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Arriaga v. FSE,* 145 DPR 122, 131–132 (1998). En ausencia de alguna de estas dos condiciones, los tribunales carecen de

discreción para prorrogar términos de cumplimiento estricto. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

A la luz de lo anterior, un tribunal no puede prorrogar un término de cumplimiento estricto irreflexivamente. Se tiene que demostrar y acreditar la existencia de justa causa para excusarlo. *García Ramis v. Serrallés*, 171 DPR 250, 253 (2007). La acreditación de la justa causa "le impone una carga considerable a los abogados y a las partes que estén obligados a demostrarla." *Soto Pino v. Uno Radio Group,* supra, págs. 92-93. Esta no se demuestra con vaguedades, excusas o planteamientos estereotipados, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 565 (2000). Alegaciones de que el incumplimiento fue involuntario, que no se debió a falta de interés, que no hubo menosprecio al proceso o que ahora existe un firme propósito de enmienda, no constituyen justa causa. *Arriaga v. FSE,* supra, pág. 132. De esa manera se impide que los términos reglamentarios se conviertan en metas amorfas que cualquier parte podría postergar. *Soto Pino v. Uno Radio Group,* supra, pág. 93.

**III.**

Nos corresponde, en primera instancia, atender el asunto relativo a la jurisdicción debido a que el mismo debe ser resuelto con preferencia a cualquiera otra cuestión, previo a entrar a considerar los méritos del recurso.[3] Esto, aun cuando las partes no lo hayan argumentado o solicitado. *Carattini v. Collazo Systems Analysis, Inc.*, supra, pág. 355.

---

[3] Véase, *Shell v. Srio. Hacienda*, 187 DPR 109 (2012); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012); y *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1 (2011).

Un examen del trámite apelativo que nos ocupa revela que la apelante incumplió con lo dispuesto en el Reglamento del Tribunal de Apelaciones sobre la exigencia de notificar su recurso a la parte apelada, dentro de los plazos establecidos a tal fin. Como indicamos, la solicitud de reconsideración fue declarada sin lugar el 19 de julio de 2024 y notificada en esa misma fecha. El recurso de epígrafe se instó el 6 de agosto de 2024 a las 2:08 pm, es decir, trece (13) días antes de vencer el término para su presentación. Sin embargo, el recurso no fue notificado a la representante legal de los demandados, Lcda. Nancy Reyes Carrucini, ni al representante legal del Programa PROSPERA, Lcdo. Alexander A. Bravo Colón. **A quienes, como apuntalamos, le fue notificada la *Sentencia* objetada**. Más aún, pasado el término de treinta (30) que disponía para acudir en apelación, la apelante no ha certificado la notificación a dichos representantes legales. En este sentido, y en virtud del contenido diáfano de la Regla 13(B) del Reglamento del Tribunal de Apelaciones, *supra*, la señora González Santiago disponía de igual fecha para notificar su recurso a las partes apeladas.

Reseñamos en el derecho precedente, que un término de cumplimiento estricto no se puede prorrogar automáticamente. Para que los tribunales podamos eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes dos condiciones: (1) que exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación. Por ende, ausente la justa causa y carente de una expresión que detalle dicho incumplimiento, no gozamos de discreción para prorrogar el término de cumplimiento estricto en cuestión.

De otro lado, enfatizamos que era responsabilidad de la apelante demostrar justa causa, mediante explicaciones concretas y particulares, que excusara su falta de observancia con el término de presentación de cumplimiento estricto y así, nos permitiera prorrogar el plazo. De hecho, en *Soto Pino v. Uno Radio Group, supra,* nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, ***incluso antes de que un tribunal se lo requiera***, si no se observa un término de cumplimiento estricto." (Énfasis en el original y nuestro). *Íd.,* a la pág. 97. Véase, además, *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 171 (2016).

Por otro lado, los profesionales del derecho están obligados a dar cumplimiento riguroso a las reglas aplicables al trámite de presentación y al perfeccionamiento de los recursos. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 549 (2017). Puntualizamos que entre los requisitos para perfeccionar el recurso apelativo se encuentran la presentación oportuna del recurso en la Secretaría del Tribunal de Apelaciones y su notificación a las partes. "Ambos inciden en la jurisdicción del tribunal." *Pérez Soto v. Cantera Pérez, Inc. et al.,* 188 DPR 98, 105 (2013).

Las inobservancias procesales antes señaladas, impidieron el debido perfeccionamiento del recurso. Siendo ello así, estamos impedidos de atender sus méritos por carecer de jurisdicción. En conclusión, procede la desestimación del recurso de epígrafe por falta de jurisdicción, por lo que carecemos de autoridad para atenderlo en los méritos. Recordemos que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede asumir la jurisdicción que no ostenta.

**IV.**

Por los fundamentos antes expuestos, se desestima el presente recurso de apelación por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones