| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL (VI) | | |
| KRISTAL RAMOS ENCARNACIÓN, EUGENIO J. RAMOS CALDERÓN, ERIKA ENCARNACIÓN SÁNCHEZ<br><br>Recurridos<br><br>v.<br><br>ALMA CONSTRUCTION CORP, NEUROLOGY SOLUTIONS AND TECH SERVICES, INC., ASEGURADORAS A, B y C, Y OTROS<br><br>Peticionarios | KLCE202400798 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso núm.: CA2022CV02068 (407)<br><br>Sobre: Impericia profesional contra otros profesionales (no médicos) |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres, la jueza Rivera Pérez y el juez Campos Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, hoy 27 de agosto de 2024.

Comparece ante este tribunal apelativo, Neurology Solutions and Tech Services, Inc. (parte peticionaria) mediante el recurso de *certiorari* del epígrafe solicitándonos que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), el 2 de julio de 2024, notificada ese mismo día. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la moción de desestimación instada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción ante el incumplimiento con las disposiciones reglamentarias en cuanto al perfeccionamiento del mismo.

## I.

El 27 de junio de 2022, Kristal Ramos Encarnación, Eugenio J. Ramos Calderón y Erika Encarnación Sánchez (en conjunto, parte recurrida) instaron una demanda sobre daños y perjuicios contra Neurology Solutions and Tech Services, Inc.; Alma Construction Corp.; y el Hospital UPR Federico Trilla. En apretada síntesis, la parte recurrida alegó que la Sra. Kristal Ramos Encarnación (Kristal) es Terapista Respiratorio y Especialista en Trastorno del Sueño, y firmó un contrato con Neurology Solutions & Tech Services, Inc. para brindar sus servicios como Técnica del Sueño en la clínica *American Sleep Center,* ubicada en el primer piso del Hospital Universitario Dr. Federico Trilla en Carolina. Arguyó que, en dicho hospital, la co-demandada Alma Construction fue contratada por la parte peticionaria para la construcción de tres cubículos destinados para realizar las pruebas del sueño. Alegó que, debido al polvo que generó el proyecto, Kristal estuvo expuesta mientras ejercía las labores, comenzó a sentir dificultad respiratoria por lo que fue hospitalizada. Adujo, que los médicos les informaron que la exposición que Kristal tuvo con el polvo del *Gypsum Board* fue tanta que le provocó una obstrucción crónica desde la tráquea hasta los alveolos. Así, solicitaron que se indemnice a Kristal por una suma no menor $100,000 por los daños físicos, una cuantía no menor de $50,000 por las severas angustias mentales y sufrimientos morales padecidos, más $20,000 por ingresos dejados de percibir. Asimismo, se peticionó que se les impusiera a los co-demandados el pago a sus padres, Sr. Eugenio J. Ramos Calderón y Sra. Erika Encarnación Sánchez, de una suma no menor de $50,000, para cada uno, por las severas angustias mentales y sufrimientos morales.

Posteriormente la demanda fue enmendada en cuatro ocasiones con el fin de modificar las alegaciones y traer al pleito a

otras partes como co-demandadas, entre ellos, Servicios Médicos Universitarios, INC.[1] Esta compareció representada por la Lcda. Marie Carmen Muntaner.[2]

Luego de varios trámites, y en lo pertinente al recurso de epígrafe, el 10 de mayo de 2024, la parte peticionaria instó una *Moción en Oposición a Sentencia Sumaria Parcial y Solicitud de Desestimación* argumentando que está cobijada por la inmunidad patronal de American Sleep Center, quien es el patrono estatutario conforme lo dispuesto en la Ley del Sistema de Compensación por Accidentes del Trabajo.[3] Por lo que, procede la desestimación de la demanda en su contra. También apuntaló que "... el pago del seguro obrero-patronal de la CFSE por alguno de los patronos a CFSE a lo largo de la misma cadena contractual beneficia a cualquiera de ellos."[4]

La parte recurrida se opuso al referido petitorio y en el escrito expresó que esta es la segunda solicitud con los mismos fundamentos la cual fue denegada por el TPI. A su vez, explicó que la parte peticionaria no es un patrono asegurado al no tener una póliza de la Corporación del Fondo del Seguro del Estado (CFSE) vigente. De igual manera, indicó que la parte peticionaria no es patrono estatutario y que solo a American Sleep Center le ampara la protección e inmunidad que ofrece la Ley del Sistema de Compensación por Accidentes del Trabajo.

Analizados los escritos, el 2 de julio, el foro *a quo* emitió y notificó la *Resolución* recurrida declarando *No Ha Lugar* a la antedicha solicitud de desestimación.

---

[1] Véase, *Tercera Demanda Enmendada* en el expediente electrónico CA2022CV02068 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada Núm. 41.
[2] Véase, SUMAC, Entrada Núm. 60.
[3] Véase, Apéndice del Recurso, Anejo 2.
[4] *Íd.*, Anejo 2, a la pág. 11.

Inconforme, la parte peticionaria acude ante esta *Curia* imputándole al TPI haber incurrido en el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR DE PLANO, NO HA LUGAR, LA DESESTIMACIÓN SUMARIA PRESENTADA POR NEUROLOGY, SIN INTERPRETAR Y APLICAR LA DOCTRINA DE INMUNIDAD PATRONAL, AL SER UN PATRONO ASEGURADO AL AMPARO DE LA LEY NÚM. 45, BAJO LA FIGURA DEL PATRONO ESTATUTARIO.

El 19 de julio de 2024, emitimos una *Resolución* concediendo el término de diez (10) días a la parte recurrida para expresarse. El 7 de agosto siguiente, se cumplió con lo ordenado y en el escrito, se incluyó una petición de desestimación por falta de notificación del recurso a todas las partes del caso. Así, el 14 de agosto, emitimos una *Resolución* concediéndole a la parte peticionaria hasta el 23 de agosto siguiente para expresarse y presentar la evidencia de las notificaciones. La parte peticionaria cumplió con nuestra orden mediante escrito intitulado *Moción en Cumplimiento de Orden.*

En la referida moción dicha parte adujo que la demanda fue desestimada en cuanto a ciertas partes, a saber: American Sleep Center*;* Universidad de Puerto Rico*;* y Multinational Insurance Company. Sin embargo, admitió que debió "haber enviado copia a Servicios Médicos Universitarios, lo cual estamos haciendo en estos momentos vía correo electrónico."[5]

Por los fundamentos que detallamos a continuación, declaramos **Ha Lugar** el petitorio desestimatorio.

## II.

**Notificación del recurso a las partes**

Como es sabido, las disposiciones reglamentarias sobre los recursos a presentarse ante el Tribunal de Apelaciones deben observarse rigurosamente para el correcto perfeccionamiento de los recursos. *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).

---

[5] Véase, *Moción en Cumplimiento de Orden,* a la pág. 2.

En lo que respecta a la notificación del recurso de *certiorari* a las partes, la Regla 33(B) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XX11-B, R. 33(b), precisa que:

> La parte peticionaria notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación a los abogados o abogadas de récord, **o en su defecto a las partes**, así como al Procurador General o Procuradora General, y al Fiscal de Distrito o a la Fiscal de Distrito en los casos criminales, dentro del término dispuesto para la presentación del recurso. **Este término será de cumplimiento estricto**. [...] La parte peticionaria certificará el hecho de la notificación en la propia solicitud de *certiorari*. La fecha del depósito en el correo se considerará como la fecha de la notificación a las partes. [...]. (Énfasis nuestro)

En cuanto a los términos de cumplimiento estricto, nuestro Tribunal Supremo ha señalado que el foro judicial no está sujeto al automatismo que conlleva el término jurisdiccional, sino que puede proveer justicia según lo ameriten las circunstancias. *Pueblo v. Pérez Suárez*, 146 DPR 665, 670 (1998). Ahora bien, los requisitos de cumplimiento estricto se pueden observar tardíamente si existe y <u>se demuestra detallada y cabalmente una justa causa para la dilación</u> y no cumplir rigurosamente con ellos. *Íd.*, a la pág. 671. De modo que, para que los tribunales puedan eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deberán estar presentes las siguientes dos condiciones: (1) que en efecto exista justa causa para la dilación; y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación; es decir, que la parte interesada acredite de manera adecuada la justa causa aludida. *Íd.*; *Arriaga v. FSE*, 145 DPR 122, 131-132 (1998). <u>En ausencia de alguna de estas dos condiciones, los tribunales carecen de discreción para prorrogar términos de cumplimiento estricto</u>. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

A la luz de lo anterior, un tribunal no puede prorrogar un término de cumplimiento estricto irreflexivamente. Se tiene que demostrar y acreditar la existencia de justa causa para excusarlo.

*García Ramis v. Serrallés*, 171 DPR 250, 253 (2007). La acreditación de la justa causa "le impone una carga considerable a los abogados y a las partes que estén obligados a demostrarla". *Soto Pino v. Uno Radio Group,* supra, a las págs. 92-93. Esta no se demuestra con vaguedades, excusas o planteamientos estereotipados, sino con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o demora ocurrió razonablemente, por circunstancias especiales. *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 565 (2000). Alegaciones de que el incumplimiento fue involuntario, que no se debió a falta de interés, que no hubo menosprecio al proceso o que ahora existe un firme propósito de enmienda, no constituyen justa causa. *Arriaga v. FSE,* supra, a la pág. 132. De esa manera se impide que los términos reglamentarios se conviertan en metas amorfas que cualquier parte podría postergar. *Soto Pino v. Uno Radio Group,* supra, a la pág. 93.

**La falta de jurisdicción**

Tanto los foros de primera instancia como los foros apelativos tienen el deber de primeramente analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Shell v. Srio. Hacienda,* 187 DPR 109 (2012); *Constructora Estelar v. Aut. Edif. Púb.,* 183 DPR 1 (2011); *Aguadilla Paint Center v. Esso,* 183 DPR 901 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimar el mismo. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

Conforme a ello, la Regla 83 de nuestro Reglamento sobre desistimiento y desestimación, nos concede facultad para desestimar por iniciativa propia un recurso de apelación o denegar

la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción. 4 LPRA Ap. XXII-B, R. 83.

### III.

Como indicamos, la parte recurrida compareció y nos solicitó la desestimación del recurso por no haber sido notificadas todas las partes en el término de treinta (30) días que contaba la parte peticionaria para ello. Así las cosas, y en cumplimiento de la orden, la parte peticionaria especificó quiénes ya no forman parte en el pleito por haberse dictado Sentencia Parcial. Sin embargo, admite no haber notificado a Servicios Médicos Universitarios quien compareció representada por la Lcda. Marie Carmen Muntaner. Esto, sin establecer una razón válida y justificada para el incumplimiento.

En este sentido, si bien el recurso fue presentado en tiempo, la parte peticionaria tenía hasta el 2 de agosto de 2024 para notificar a todas las partes. Por la propia admisión de la parte peticionaria Servicios Médicos Universitarios fue notificada el 20 de agosto siguiente, fecha en que fue suscrita la *Moción en Cumplimiento de Orden.* En consecuencia, la parte peticionaria falló en notificar su presentación a la otra parte dentro del término de estricto cumplimiento establecido en la Regla 33(B) de nuestro Reglamento, *supra.*

Por otro lado, según reseñamos en el derecho que precede, un término de cumplimiento estricto no se puede prorrogar automáticamente. Para que los tribunales podamos eximir a una parte del requisito de observar fielmente un término de cumplimiento estricto, deben estar presentes las siguientes dos condiciones: (1) que exista justa causa para la dilación y (2) que la parte le demuestre detalladamente al tribunal las bases razonables que tiene para la dilación.

Al respecto, precisa enfatizar que la parte peticionaria no demostró ni mencionó la existencia de justa causa para la demora en la notificación. Incluso, en el *Certifico* del escrito del recurso no mencionó el correo electrónico de la representación legal de Servicios Médicos Universitarios. Recalcamos que era responsabilidad de esta parte demostrar justa causa, mediante explicaciones concretas y particulares, que excusara su falta de observancia con el mencionado requisito reglamentario y nos permitiera prorrogar el plazo. Lo que aquí no ocurrió. Más bien, solo se limitó a expresar que debió "haber enviado copia a Servicios Médicos Universitarios, lo cual estamos haciendo en estos momentos vía correo electrónico." Como es sabido, los profesionales del derecho están obligados a dar cumplimiento riguroso a las reglas aplicables al trámite de presentación y perfeccionamiento de los recursos. *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549 (2017).

De hecho, en *Soto Pino v. Uno Radio Group, supra,* nuestro Tribunal Supremo señaló que "es un deber acreditar la existencia de justa causa, ***incluso antes de que un tribunal se lo requiera***, si no se observa un término de cumplimiento estricto." (Énfasis en el original y nuestro). *Íd.*, a la pág. 97. Véase, además, *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 171 (2016).

En fin, la inobservancia procesal apelativa antes señalada, impide el debido perfeccionamiento del recurso. Siendo ello así, estamos impedidos de atender sus méritos por carecer de jurisdicción. Por ende, procede la desestimación del recurso de epígrafe por falta de jurisdicción, por lo que carecemos de autoridad para atenderlo en los méritos. Recordemos que la falta de jurisdicción no puede ser subsanada ni el tribunal puede asumir que la ostenta.

**IV.**

Por los fundamentos antes expuestos, se declara *Ha Lugar* a la solicitud de desestimación presentada por la parte recurrida y, por consiguiente, se desestima el presente recurso de *certiorari* por falta de jurisdicción ante el incumplimiento con las disposiciones reglamentarias para el perfeccionamiento del mismo.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones